# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-20-02594-001-TUC-SHR (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Manuel Rene Hernandez, | |
| Defendant. | |

On December 16, 2020, Magistrate Judge D. Thomas Ferraro issued a Report and Recommendation ("R&R") (Doc.19), in which he recommended Defendant's Motion to Dismiss based on speedy trial (Doc. 12) be denied. This Court has reviewed the R&R, Defendant's Objection (Doc. 17)[1], the Government's Response (Doc. 18), and the Supplement to Defendant's Objections (Doc. 20). The Court has also considered Defendant's Motion to Dismiss Complaint (Doc. 6), the Government's Response (Doc. 7) and Defendant's Reply (Doc. 8). While adopting the Magistrate Judge's recommendation and findings, the Court reaches its decision based on the reasoning set forth below.

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Further, under 28 U.S.C. § 636(b)(1), if a party makes a timely objection to a magistrate judge's

---

[1] Defendant initially filed his objection (Doc. 17) after the hearing on the Motion to Dismiss but before the Magistrate Judge filed a written R&R. When the Magistrate Judge filed the written R&R (Doc. 19), Defendant filed a Supplemental Objection (Doc. 20). The Court accepts and considers both the Objection (Doc. 17) and Supplemental Objection (Doc. 20) for purposes of this ruling.

recommendation, then this Court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." The statute does not "require [] some lesser review by [this Court] when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 149-50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Rather, this Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Id*. at 149.

No objections having been made to the magistrate judge's rendering of the procedural and factual history, the Court adopts those recitations. The Court now addresses Defendant's objections to the Magistrate Judge's R&R.

*Motion to Dismiss Based on Speedy Trial*

Defendant's Motion requests the Court dismiss the complaint in this matter based on the government's failure to timely file an indictment. In response, the Government claims Defendant's calculation of the statutory deadline to file an indictment does not consider the five days during which his motion for release was under consideration. Doc. 1, 4. The Government further argues the Court should grant a continuance to indict Defendant one day after the statutory deadline.

The Magistrate's R&R determined the Motion to Dismiss should be denied because extraordinary circumstances due to the COVID-19 pandemic caused the delay and in the interest of justice, the delay should be excluded from the time limits within in the Speedy Trial Act. (Doc. 19 at 1.)

*Factual History*

Defendant was arrested on October 13, 2020, on suspicion of attempting to export ammunition. Doc. 1. The Complaint was filed the next day, alleging a violation of 18 U.S.C. § 554. *Id*. On October 15, 2020, at Defendant's Initial Appearance, counsel for Defendant made an oral motion for Defendant's release. *See* Doc. 2. The Court did not rule on Defendant's oral motion and instead scheduled a Preliminary Hearing/Detention Hearing for October 19, 2020. *Id*. The Court released Defendant at the October 19, 2020 Detention Hearing on Pretrial Conditions. *See* Docs. 4, 5. Defendant's case was presented to the grand jury and an indictment was issued on November 18, 2020. Doc. 9.

*Speedy Trial*

18 U.S.C. § 3161(b) requires an indictment be filed "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." When no indictment is filed within the thirty-day period, the charge "shall be dismissed or otherwise dropped." 18 U.S.C. § 3162(a)(1).

Defendant argues the 30-day time limit after his arrest elapsed on November 12, 2020, and because the government failed to indict him by that date, the charge should be dismissed. Doc. 6 at 2. In response, the government alleges a period of five days, October 15-19, 2020 when his request for pretrial release was pending, should be excluded from the calculation of the 30-day time limit. Doc. 18 at 2.

A delay resulting from a pretrial motion is excluded from the time limit from the date the motion is filed through its disposition. 18 U.S.C. § 3161(h)(1)(D). Exclusions under § 3161(h) are automatic. *United States v. Henderson*, 746 F.2d 619, 622 (9th Cir. 1984), aff'd, 476 U.S. 321, 106 S. Ct. 1871, 90 L. Ed. 2d 299 (1986). Exclusions under § 3161(h) are "triggered by written and oral motions alike". *United States v. Stubblefield*, 643 F.3d 291, 295 (D.C. Cir. 2011).

Defendant claims the five-day period when the pretrial release was pending should not be excluded because the request was not a "motion" under 18 U.S.C. § 3161(h)(1)(D). A pending request for detention made at an initial appearance is excludable under the act. *United States v. Vo*, 413 F.3d 1010, 1015 (9th Cir. 2005). In *Vo*, the government moved for the defendants' detention at the initial appearance. *Id.* at 1014. The court did not rule on the government's motion at the initial appearance, and instead set a detention hearing three days later. *Id*. At the arraignment, the defendants were granted a twelve-day continuance of the detention hearing. *Id.* At the detention hearing, the court granted the governments motion to detain the defendants. *Id*. The Ninth Circuit rejected appellants' argument a continued period could only be excludable for speedy trial purposes if it actually causes the trial to be delayed. *Id*. at 1016. *Vo* held the pending detention motion, including the period continued, was excusable for speedy trial purposes. *Id*. at 1016. The Court finds *Vo* applicable here.

Defendant argues *Vo* is distinguishable to this case because in *Vo* the defendants requested a continuance and the court did not specifically state the three-day period from the initial appearance to the continuance was excludable time. Doc. 8 at 2. The Court does not find Defendant's argument persuasive. *Vo* does not comment on the three-day period after the detention motion because only the ruling excluding the 12-day continued period was appealed by the defendants.[2] Nonetheless, the Ninth Circuit specifically affirmed "the district court's ruling that *the detention motion* pending…was excludable delay…" *Vo*, 413 F.3d at 1016 (emphasis added). Lastly, the Ninth Circuit must have considered the detention motion as triggering the excludable period because it was the only motion pending during the period found to be excludable.

Accordingly, the Court finds the five days, from October 15 - 19, 2020, during which Defendant's motion for release was under consideration, are excludable in calculating the time limit prescribed by 18 U.S.C. § 3161(b).

### *The Ends-of-Justice Exception*

Excluding the five days, from October 15 - 19, 2020, the indictment deadline is November 17, 2020. Defendant was indicted on November 18, 2020. Nonetheless, the government argues the Court should grant a one-day continuance pursuant to the "ends-of-justice exception" of 18 U.S.C. § 3161(h)(7)(A).

18 U.S.C. § 3161(h)(7)(A) excludes from the computation of time, any continuance granted by a judge "on the basis of his findings that the ends-of-justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Before granting a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court must consider those factors enumerated in 18 U.S.C. § 3161(h)(7)(B), which the Court discusses below:

> *(i)   Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a*

---

[2] "In this case there was a 215–day delay between the filing of the indictment and the filing of Vo's motion to dismiss. Of this period, Vo does not contest the exclusion of some 143 days… In this appeal he argues that the district court should not have excluded twelve days between October 10–21, 2002" *Vo*, 413 F.3d at 1013.

*miscarriage of justice.*

Failure to grant the continuance would result in the dismissal of Defendant's case rendering a continuation of the proceeding impossible.

(ii) *Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.*

Neither party contends this case is complex. The Court does not consider this case complex or unusual.

(iii) *Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because the arrest occurs at a time such that it is unreasonable to expect return and filing of the indictment within the period specified in section 3161(b), or because the facts upon which the grand jury must base its determination are unusual or complex.*

This factor is not relevant to the facts of this case.

(iv) *Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.*

This factor is not relevant to the facts of this case.

Ultimately, the Court must consider the over-arching factor of whether the ends of justice are served by granting a one-day continuance outweigh the best interests of the public and the defendant in a speedy trial. Although caselaw surrounding the ends-of-justice exception as it relates to pandemics is predictably scant, the Court has discretion to order a continuance in such circumstances. For example, in *Furlow v. United States*,

the Ninth Circuit found it appropriate to exclude approximately two weeks pursuant to 18 U.S.C. § 3161(h)(7)(A) due to the eruption of Mt. St. Helen. 644 F.2d 764, 769 (9th Cir. 1981). The COVID-19 pandemic has produced similarly devastating effects on both daily life and judicial functions.

Defendant cites *United States v. Clymer*, 25 F.3d 824 (9th Cir. 1994) for the contention the "ends-of-justice exception" may not be applied retroactively; the Court does not agree. First, the holding in *Clymer* has been limited to its facts that are dissimilar to the facts here. *Vo*, 413 F.3d at 1015; *see also United States v. Pete*, 525 F.3d 844, 851 (9th Cir. 2008). Furthermore, Courts have shown a willingness to apply the ends-of-justice exception retroactively during natural disasters and national emergencies. *See Furlow*, 644 F.2d 764; *see also United States v. Correa*, 182 F. Supp. 2d 326, 327 (S.D.N.Y. 2001) (New York district court applied the ends-of-justice exception to exclude a 20-day period after the September 11, 2001 terrorist attacks).

Here, the government contends, under normal circumstances this case would have been presented to the Phoenix Grand Jury meeting on November 17, 2020. That Grand Jury was cancelled due to circumstances related to the COVID pandemic. This case was presented the Grand Jury meeting in Tucson the next day, November 18, 2020. The Court finds the reason for the delay was due to the pandemic and unforeseeable. In addition to the fact the November 17, 2020 Grand Jury was cancelled on short notice due to COVID related issues, the Court also considers both the short duration of the proposed continuance and the fact Defendant was not in custody during this period.[3]

In light of the foregoing, the Court finds the ends-of-justice served by granting a one-day continuance outweigh the best interest of the public and Defendant in a speedy trial. The Court therefore grants the continuance, rendering Defendant's indictment timely under 18 U.S.C. § 3161(b).

---

[3] 18 U.S.C. § 3161(h)(7)(B) dictates the Court shall consider the factors previously discussed, "among others," indicating the Court shall consider other relevant factors not specifically listed in the statute.

Accordingly, IT IS ORDERED: Defendant's Motion to Dismiss (Doc. 6) is DENIED.

Dated this 12th day of February, 2021.

*Scott Rash*
Honorable Scott H. Rash
United States District Judge